IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　　　　　　　　　　　　　)<br>　　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　)<br>vs. )<br>　　　　　　　　　　　　　　　)<br>KIMBERLY C. BROWN, )<br>　　　　　　　　　　　　　　　)<br>　　　　　Defendant. ) | Case No. 4:08CR3009-4<br><br>**TENTATIVE<br>FINDINGS** |

I am in receipt of the second revised presentence investigation report and addendum in this case.

IT IS ORDERED that:

(1)　The undersigned will consult and follow the Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220(2005) and subsequent cases. *See, e.g.*, *Gall v. U.S.*, --- S.Ct. ----, 2007 WL 4292116 (2007). In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines such weight as they deserve within the context of each individual case and will filter the Guidelines' general advice through §3553(a)'s list of factors[1]; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason which justifies a sentence different than

---

[1] However, I will no longer give the Guidelines "substantial weight."

that called for by application of the advisory Guidelines.[2]

(2) The defendant's objections (filing 172), regarding (a) the lack of a role reduction and (b) the lack of a "safety-valve" reduction, will be resolved at sentencing. The government's objection to lack of role reduction (filing 168) will be resolved at sentencing. Otherwise, all objections of the defendant and the government are denied. The defendant's motion (filing 171 ¶ 1) for downward departure due mental, emotional and physical condition will be resolved at sentencing. Defendant's motion for variance based upon the statutory sentencing factors (filing 171 ¶ 2) will be resolved at sentencing.

(3) Except to the extent (if at all) that I have sustained an objection or granted a motion or reserved an issue for later resolution in the preceding paragraph, the parties are herewith notified that my tentative findings are that the presentence report is correct in all respects.

(4) If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(5) Absent submission of the information required by the preceding paragraph of this order, my tentative findings may become final and the presentence report may be adopted and relied upon by me without more.

---

[2] *See* note 1.

  (6) Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

  November 23, 2009.    BY THE COURT:

              s/ *Richard G. Kopf*
              United States District Judge